UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS,<br><br>      Plaintiff,<br><br>   v.<br><br>DR. HTAY et al.,<br><br>      Defendants. | Case No. 1:15-cv-01026-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST (ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

      Plaintiff John Eric Williams, also known as Michael John Coleman ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 6, 2015. (ECF No. 1). In Plaintiff's Complaint, Plaintiff claims that he is not receiving a pain medication, specifically Gabapentin.

      Plaintiff's Complaint also states that there are administrative remedies available to him, but that he has not completed the administrative remedies process. (Id. at p. 2). The California prison system provides for three levels of appellate review. Cal. Code Regs. tit. 15, § 3084.1. Plaintiff went through the first and second level of review, but did not appeal to the third level. (Id. at p. 5). Plaintiff described in his complaint that the reason he filed this lawsuit before

appealing to the third level is because Plaintiff was "in pain mentally and physically and spiritually [Plaintiff is] suffering nobody to turn to but the courts for relief." (Id.).

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies must occur before the filing of the Complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. Id. This means that Plaintiff can still file a new lawsuit covering the same subject matter, assuming he has now exhausted his administrative remedies.

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why the case should not be dismissed without prejudice for failure to exhaust administrative remedies. Failure to respond will result in dismissal of the case.

IT IS SO ORDERED.

Dated:   **October 20, 2016**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE