# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ERIC WILLIAMS, | Case No. 1:15-cv-01026-EPG (PC) |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO TIMELY EXHAUST<br>(ECF NO. 1) |
| v. | |
| HTAY and E. CLARK, | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| Defendants. | |

Plaintiff John Eric Williams, also known as Michael John Coleman ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 6, 2015.  (ECF No. 1).

On July 23, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

In Plaintiff's Complaint, Plaintiff claims that he is not receiving a pain medication, specifically Gabapentin.  Plaintiff's Complaint also states that there are administrative remedies available to him, but that he has not completed the administrative remedies process.  (Id. at p. 2).  The California prison system provides for three levels of appellate review.  Cal. Code Regs. tit. 15, § 3084.1.  Plaintiff went through the first and second level of review, but did not appeal to the third level before filing the Complaint.  (Id. at p. 5).  The reason Plaintiff filed this lawsuit before appealing to the third level is because Plaintiff was "in pain mentally and

physically and spiritually [Plaintiff is] suffering nobody to turn to but the courts for relief." (Id.).

Based on these statements, the Court issued an order for Plaintiff to show cause why the case should not be dismissed without prejudice for failure to exhaust administrative remedies. (ECF No. 14).  Plaintiff filed a response, as well as documents (ECF Nos. 15 & 17).  One of the documents submitted by Plaintiff appears to be the response from the third and final level of appellate review.  (ECF No. 17, p. 1).  It is dated August 24, 2015.  (Id.).  The case was filed on July 6, 2015.  (ECF No. 1).  Thus, those documents show that Plaintiff exhausted his administrative remedies *after* filing the complaint in this case.

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion of administrative remedies must occur *before* the filing of the Complaint.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  In other words, even if Plaintiff finishes exhausting his administrative remedies after filing his complaint, this Court must dismiss his complaint for failing to exhaust administrative remedies before filing the complaint.  The Court notes that a dismissal for failure to exhaust is without prejudice, so that Plaintiff is free to file another case based on the same facts.

The Court will dismiss this case for failure to exhaust, without prejudice.  The evidence that Plaintiff filed suggests that, just like Plaintiff stated in his Complaint, he failed to exhaust his administrative remedies *before* filing his Complaint.

Plaintiff may file another complaint based on the same facts once he has exhausted his administrative remedies.  As it appears that Plaintiff has now exhausted his administrative remedies, Plaintiff may file another case right away with the same facts.

\\\

\\\

\\\

\\\

Therefore, based on the foregoing, it is HEREBY ORDERED this case is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __December 29, 2016__          ___/s/ Erica P. Grosjean___

UNITED STATES MAGISTRATE JUDGE

3